IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KEVIN J. GARDNER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00296-O-BP |
| § | |
| CREDIT CORP SOLUTIONS, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a suit for violation of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), and civil conspiracy that Plaintiff Kevin J. Gardner ("Gardner") brought *pro se*. ECF No. 6. The case was referred to the undersigned under Special Order 3. ECF No. 2. Before the Court are the Rule 12(b)(6) Motion to Dismiss filed by Defendant LendingPoint, LLC ("LendingPoint"), joinder in the Motion filed by Defendant FinWise Bank ("FinWise"), Plaintiff's Response, LendingPoint's Reply, and FinWise's Joinder in the Reply. ECF Nos. 23 and 27-30, respectively. After reviewing the Motion, additional pleadings, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge **GRANT** the Motion to Dismiss and Joinder (ECF Nos. 23 and 27) and **DISMISS** Gardner's claims against LendingPoint and FinWise.

**I.    BACKGROUND**

This case arose in November 2023 when Gardner alleges that he discovered a tradeline from LendingPoint on his Experian credit report showing an incorrectly written off account. ECF No. 6. He requested that LendingPoint send him an IRS Form 1099-C reflecting the account. *Id.* He also sent a letter to Credit Corp Solutions, Inc. ("CSC") disputing the report and requesting it

to stop further reporting of the account. *Id.* Gardner followed up on his requests without success and noticed suspicious changes to his credit report, including removal of the charged off account status and substitution of FinWise for LendingPoint as the original creditor. *Id.* The defendants did not respond to Gardner's requests to address the reporting issues or send Gardner the Form 1099. *Id.* He alleges that this has "led to significant distress … including impacts on his financial stability and ability to engage in financial transactions, such as purchasing a home." *Id.*

Gardner filed suit in the Justice Court, Precinct Six, of Tarrant County, Texas. ECF No. 1-5. He originally claimed "defamation of character in regards to a[n] alleged debt" against Defendant Credit Corp Solutions Inc. ("CCS") and sought $20,000.00 in damages. *Id.* In his Amended Complaint in Justice Court, Gardner sought to recover damages, injunctive relief, and a declaratory judgment from CCS for violations of the FDCPA and the FCRA. ECF No. 1-8. Thereafter, CCS removed the case to this Court. ECF No. 1.

Gardner then again amended his complaint, entitling it "Plaintiff's First Amended Complaint," though it was his second amended one. ECF No. 6. In the amended pleading, he sued CCS and LendingPoint for violations of the FDCPA; claimed that CCS, LendingPoint, and FinWise violated the FCRA; sued all defendants for civil conspiracy; and alleged that LendingPoint and FinWise violated Internal Revenue Service ("IRS") regulations and attempted "to obfuscate lawful financial processes." *Id.*

In its Motion, LendingPoint moves for dismissal of Gardner's claims for failure to allege facts to show violations of the FDCPA and the FCRA, because his conspiracy claim is preempted, because he cannot recover on his claim of conspiracy in violation of IRS regulations, and since injunctive relief is not available to him. ECF No. 23. FinWise joins in LendingPoint's Motion except for Gardner's claims under the FDCPA, which do not relate to FinWise. ECF No. 27.

Gardner responds that LendingPoint, and FinWise by implication, are liable under the FDCPA due to their conspiracy with CCS. ECF No. 28 at 12-13. He asserts a violation of the FCRA because LendingPoint removed its name as the original creditor and replaced it with FinWise, and he contacted both LendingPoint and the credit reporting agency regarding this. *Id.* at 13. He claims that the FCRA does not preempt his conspiracy claim because he alleges a conspiracy to misrepresent the original creditor, not just a failure to furnish accurate information. *Id.* He alleges that his claim of conspiracy regarding failure to issue the Form 1099 is part of a claim of deceptive practices, not a direct violation of IRS regulations, and is viable under common law. *Id.* Finally, Gardner asserts that he can seek injunctive relief as part of his claim of civil conspiracy, not just as part of his FCRA claim. *Id.* at 14.

In reply, LendingPoint, joined by FinWise, reassert their points for dismissal and argue that Gardner has not shown why the Court should not dismiss his claims against them. ECF No. 29-30.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B. *Pro se* parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C. Dismissal with or without prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of*

*Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-cv-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001) (quoting *Barber v. G.H. Rodgers*, No. 3-84-1750-D (N.D. Tex. Sept. 13, 1988)).

### III.   ANALYSIS

#### A.   Gardner has not alleged facts to support recovery under the FDCPA.

To state a claim under the FDCPA, Gardner must assert that he has "been the object of collection activity arising from a consumer debt," "the defendant is a debt collector defined by the FDCPA," and "the defendant has engaged in an act or omission" that the FDCPA prohibits. *Bligen*

5

*v. Navient*, No. 3:20-cv-3070-G-BT, 2022 WL 379314, at *2 (N.D. Tex. Jan. 14, 2022), rec. adopted, No. 3:20-cv-03070-G-BT, 2022 WL 378199 (N.D. Tex. Feb. 8, 2022).

Gardner does not assert a viable FDCPA claim for two reasons. First, he has offered no facts to show any collection activity that arises from a consumer debt. This lack of factual allegations showing a consumer transaction is fatal to his claim for violation of the act. *See Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) (FDCPA claim dismissed where plaintiffs did not allege facts to show that the debt at issue derived from purchases "primarily for personal, family, or household purposes") (citing 15 U.S.C. § 1692a(5)).

Second, Gardner has offered no facts to show that LendingPoint was a debt collector as provided in the act. A "debt collector" as provided in the FDCPA is "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The term 'debt collector' does not include lenders[,] ... 'the consumer's creditor's, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.'" *Gipson v. JPMorgan Chase*, No. 3:13-cv-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)). Gardner alleges no facts showing that LendingPoint was principally in the debt collection business or that it regularly collected or attempted to collect debts owed or claimed to be owned to another person or entity. On the facts that Gardner alleges, dismissal of his FDCPA claims against LendingPoint is proper. *See Williams v. Santander Consumer USA Holding, Inc.*, No. 3:21-cv-3176-D, 2022 WL 562896, at *9 (N.D. Tex. Feb. 24, 2022) (dismissing FDCPA claim where complaint "d[id] not allege that defendants are debt collectors, and even if it did, any conclusory allegation would be insufficient").

At most, Gardner asserts that LendingPoint reported a debt to a credit agency and exchanged correspondence with him concerning his 1099-C tax form. Such activities do not violate the FDCPA. See *Billups v. Retail Merchants Ass'n, Inc.*, 620 F. App'x. 211, 213 (5th Cir. 2015) (holding that reporting debt to credit agency is not "debt collection" under FDCPA).

Gardner attempts to save his FDCPA claim against LendingPoint by alleging that it and FinWise "engaged in deceptive practices in coordination with [CCS], a recognized debt collector, to misrepresent the original creditor on the plaintiff's credit report" and that "[t]his conspiracy subjects [it] to the FDCPA's provisions." ECF No. 28 at 12-13. Gardner's civil conspiracy claim is not actionable because it is derivative of his defective FDCPA claim. "[I]t is well-settled that if a plaintiff fails to allege a separate underlying claim that passes Rule 12(b)(6) scrutiny, then a claim for civil conspiracy necessarily fails." *Wood v. North Miss. Health Services, Inc.*, No. 1:20-cv-42-TBM-RP, 2023 WL 6396045, at *23 (N.D. Miss. Sept. 29, 2023) (citing *MultiPlan, Inc. v. Holland*, 937 F.3d 487, 496 (5th Cir. 2019) (conspiracy claim dismissed after summary judgment entered on derivative breach of contract claim)). Because Gardner has not stated a substantive FDCPA claim against LendingPoint and FinWise, the Court should dismiss Gardner's claims for substantive violations and conspiracy regarding the FDCPA.

**B.      Gardner has not alleged facts to show a violation of the FCRA.**

For LendingPoint and FinWise to be "furnishers of information" under the FCRA, they must be "an entity that transmits information concerning a particular debt owed by a consumer to a consumer reporting agency" ("CRA"). *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 n.7 (N.D. Tex. 2014). To state a claim under § 1681s-2(b) of the FCRA against furnishers of information to a CRA, Gardner must make "an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA as a prerequisite to recovery." *Spencer v. Specialized*

*Loan Servicing*, No. 3:19-cv-1536-S, 2021 WL 4552548, at *7 (N.D. Tex. Sep. 1, 2021). "Plaintiff must show that the information provided by Defendant to [credit reporting agencies] was either 'patently incorrect,' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* (citing *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (discussing inaccurate information within the meaning of the FCRA)). "Mere imprecision does not render information inaccurate." *Shaunfield*, 991 F. Supp. 2d at 798 (quoting *Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 714 (S.D. Tex. 2013)).

Gardner does not plead facts showing a violation of the FCRA. He does not assert any facts indicating that LendingPoint and FinWise provided factually inaccurate information to a CRA, and his assertion that FinWise was substituted for LendingPoint does not make this showing. Nor does Gardner assert facts to show that either made misleading statements that would cause a CRA to make inaccurate or inappropriate decisions regarding his credit. Likewise, Gardner offers no facts to show that he disputed such an inaccuracy with a CRA, which is a prerequisite to recovery under the act. *See Eustice v. JPMorgan Chase & Co.*, No. H-19-1489, 2019 WL 3067507, at *3 (S.D. Tex. July 12, 2019) ("a credit furnisher … would have a duty under § 1681s-2(b) only if [plaintiff] first disputed credit information with a [CRA] and that [CRA] then informed the credit furnisher of that dispute").

Gardner's claims seeking recovery from LendingPoint and FinWise for providing inaccurate information under 15 U.S.C. § 1681s-2(a) is groundless because there is no private right of action for such relief. "[T]he FCRA expressly precludes a private right of action for breaches of the duty to provide accurate information." *Cunningham v. Turner*, No. 3:24-cv-0154-D, 2024 WL 2804930, at *2 (N.D. Tex. May 31, 2024) (citing *Young v. Equifax Credit Info Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (government officials, not private individuals, enforce § 1681s-

2(a)'s duty to report accurate information)); *see also Owens v. TransUnion, LLC*, No. 4:20-cv-665-SDJ-KPL, 2021 WL 5086370, at *5 (E.D. Tex. Aug. 30, 2021) (collecting cases holding that § 1681s-2(a) does not create a private cause of action). Accordingly, the Court should dismiss Gardner's claims against LendingPoint and FinWise under the FCRA.

To the extent Gardner seeks to recover for conspiracy to provide inaccurate information, the FCRA preempts such a claim. *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 883 (S.D. Tex. 2013) ("a state-law claim based on a defendant's conduct in furnishing inaccurate information to a [CRA] is preempted by the FCRA"). As noted by LendingPoint, the cases Gardner cites in support of his claim that the FCRA does not preempt such a claim are not persuasive on this point and are not binding authority in any event. If Gardner pursues his conspiracy claims directly based on his FCRA claims, his conspiracy claim fails for the same reasons stated in connection with his conspiracy claims directed to the FDCPA. Because Gardner's FCRA conspiracy claims are entirely derivative of his substantive FCRA claims, the Court should dismiss them when it dismisses the FCRA claims.

### C. Failure to furnish IRS forms is not actionable and cannot form the basis of a conspiracy.

There is no private right of action for failure to provide an IRS Form 1099-C. *CPI Amherst SFR v. Alexander*, No. 5:22-cv-326-FL, 2023 WL 2620913 at *5 (E.D. N.C. Feb. 27, 2023) ("the failure to issue or file a 1099-C does not create any such private cause of action."); *see* also 26 U.S.C. § 6721-24 (penalties, but no private cause of action for not providing or reporting a Form 1099-C). Since there is no substantive right of action to recover for failure to provide or report a Form 1099-C, Gardner cannot recover for conspiracy to not provide or report such a form. When "there is no private right of action under [a statute], there can be no conspiracy claim based on such a violation." *Conger v. Danek Med., Inc.*, 27 F. Supp. 2d 717, 720 (N.D. Tex. 1998); *McPeters*

*v. LexisNexis*, 11 F. Supp. 3d 789, 800 (S.D. Tex. 2014) ("where a private right of action does not exist for the violation of a particular statute, a plaintiff cannot 'create' one by alleging that the violation of that statute nevertheless satisfies an element of another claim.") The Court therefore should dismiss Gardner's direct and conspiracy claims relating to any failure to report or provide an IRS Form 1099-C.

    **D.**  **Gardner is not entitled to injunctive relief under the FCRA.**

  In his prayer for relief, Gardner seeks "injunctive relief ordering Defendants to cease all deceptive practices and correct all inaccuracies in Plaintiff's credit information." ECF No. 6. The Court should deny his request for two reasons. First, Gardner has not shown any entitlement to substantive relief under the FCRA that would entitle him to relief, either through an injunction or judgment for damages. To be entitled to injunctive relief, a plaintiff must show "a substantial likelihood of success on the merits" in addition to other points. *Anderson v. CitiMortgage*, No. 4:10-cv-398, 2011 WL 1113494, at *7 (E.D. Tex. Mar. 24, 2011). Because Gardner "has not asserted any viable claims in this lawsuit, and he has no evidence of any viable claims, he cannot show a substantial likelihood of success on the merits." *Booth v. U.S. Bank, N.A.*, No. 3:23-cv-02148-K-BN, 2024 WL 4546667, at *8 (N.D. Tex. Oct. 1, 2024). Second, private parties such as Gardner cannot recover injunctive relief under the FCRA. *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).

    **E.**  **The Court should dismiss Gardner's claims without leave to amend.**

  The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-cv-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims*, 2001 WL 627600, at *2. Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant

to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-cv-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Leave to amend is not necessary, however, where the plaintiff already pleaded his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Gardner filed his original complaint and two amended complaints thereafter. ECF Nos. 1-5, 1-8, and 6. In his latest amended complaint, he added claims against LendingPoint and FinWise that are legally deficient and not susceptible to cure through repleading. ECF No. 6. Under these circumstances, the Court concludes that Gardner has pleaded his best, though legally unsupportable case against these defendants under the FDCPA, FCRA, and conspiracy for damages and injunctive relief. Because any further amendment of claims against these defendants under those theories would be futile, Judge O'Connor should dismiss LendingPoint and FinWise without leave to amend.

## IV.    CONCLUSION

Gardner has not pleaded sufficient facts to state a claim against LendingPoint for violating of the FDCPA, nor a claim against LendingPoint or FinWise for violating the FCRA. There is no private right of action for failure to provide or report an IRS Form 1099-C. Gardner's claims of conspiracy to violate the FDCPA, FCRA, and IRS regulations regarding the Form 1099-C are not viable. Finally, Gardner cannot recover injunctive relief against these defendants because he has shown no entitlement to recovery on the merits and has no legal right to injunctive relief under the FCRA. Because he has pleaded his best case against LendingPoint and FinWise and any further amendment would be futile, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** LendingPoint's Motion to Dismiss and FinWise's Joinder in the Motion (ECF Nos. 23 and 27) and **DISMISS** Gardner's claims against them.

It is so **ORDERED** on October 30, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE